FEDERAL DEPOSIT INSURANCE CORPORATION, AS AS-
SIGNEE, ETC., PLAINTIFF-RESPONDENT, v. LILLIAN
M. SCHLEMM, DEFENDANT-APPELLANT.

Argued May 16, 1944—Decided September 14, 1944.

For the defendant-appellant, *Walscheid & Rosenkranz*
(*Samuel H. Nelson,* of counsel).

For the plaintiff-respondent, *Milton, McNulty & Augelli*
and *Joseph Keane.*

The opinion of the court was delivered by

DONGES, J.   Defendant appeals from a judgment in the
Hudson County Circuit Court in a suit instituted by the
Federal Deposit Insurance Corporation, as assignee of The
Trust Company of New Jersey, against defendant-appellant,
Lillian M. Schlemm.

The husband of the appellant was indebted to The Trust
Company of New Jersey in the sum of $19,500 at the time
of his death on August 22d, 1928.   Mrs. Schlemm was execu-
trix of and sole beneficiary under his will.   It appears that
the manager of the Union City Branch of The Trust Com-
pany, one Rudolph Sievert, who died before the trial, sent
for Mrs. Schlemm, told her of her husband's indebtedness to
the bank and had her execute a note for the amount thereof
and an assignment of the collateral which the bank then held,
namely, forty-five shares of the capital stock of Colonial Life

Insurance Company of America, then worth considerably more than the amount of the indebtedness. At that time, December 27th, 1929, the bank held the note of the deceased husband and the stock as collateral. Subsequently, and on April 15th, 1939, assignment was made of the note and the collateral to the Federal Deposit Insurance Company by The Trust Company. Interest was paid by the husband during his life, and thereafter by the defendant until 1934, when payment of interest ceased. From the time of the assignment of the stock until August 1st, 1940, the husband during his lifetime, and the defendant thereafter, received the dividends on the stock in the sum of $135 each quarter. Subsequent to that time, and on October 28th, 1940, the stock was transferred on the books of the Insurance Company to the name of the plaintiff.

This suit was brought in December of 1941 for dividends paid to the appellant from January 1st, 1936, to August 1st, 1940, in the amount of $2,565, with interest. On May 8th, 1940, plaintiff brought suit upon the note, for the amount thereof with interest from 1934, when such payment stopped. No claim was made in that suit for dividends received by defendant. That suit was discontinued when the defense of the statute of limitations was interposed, because no interest had been paid upon the note, nor anything upon the principal, nor any action taken to revive the note within six years prior to the beginning of that suit.

The plaintiff asserts that by reason of the assignment of the stock as security for the note, it became entitled to the dividends as a matter of right, despite the fact that it did not have the stock transferred to it, nor had its assignor, The Trust Company, done so. The plaintiff relies upon *Mandel v. North Hudson Investment Co.*, 114 *N. J. Eq.* 336, where it was held that the pledgee is entitled to receive the dividends during the period of the pledge, even though the stock has not been transferred to the pledgee on the books of the corporation issuing the stock. But that case also holds that "The pledgee is entitled to receive dividends on stock pledged unless such right is expressly reserved by the pledgor at the time the pledge was made." In the instant case, the testimony

is clear and uncontradicted that during the life of the defendant's husband, the original pledgor, dividends were received by him, and that, after his death, both by express reservation of such right and by the conduct of the parties, defendant continued to receive the dividends until the stock was transferred to plaintiff on the books of the issuing corporation. It will be observed that from April 15th, 1939, when the stock was assigned to plaintiff, until October 28th, 1940, when the stock was put in plaintiff's name, the defendant received all dividends paid thereon. Despite non-payment of interest from 1934, plaintiff and its assignor, by their conduct, recognized defendant's right to receive the dividends.

The testimony of the defendant is uncontradicted that her conversation with Mr. Sievert, as part of the transaction, and admitted without objection and, by both parties, taken to be competent testimony, because it related to the consideration for the assignment of the stock, was that defendant was to continue to receive the dividends, as her husband had during his life. Nor was any condition imposed upon defendant to permit her to receive such dividends. If any condition, such as continued payment of interest, or otherwise, had been imposed, it is inconceivable that the plaintiff and its assignor would not have compelled such payment or taken action to stop defendant from getting the dividends. The testimony is that, at the time defendant signed the note for her husband's debt and assigned the stock, the stock was worth thousands of dollars in excess of the debt. This fact may have been influential in the making of the waiver.

We conclude that, in view of the undisputed testimony of waiver and the specific agreement that the pledgor was to receive the dividends, there was no question of fact to go to the jury and that the defendant-appellant was entitled to a directed verdict in her favor, motion for which was made and exception taken to its refusal. There was no disputed fact and no testimony from which an inference contrary to defendant's testimony could reasonably be drawn, so that it became a legal question for the court, and it was error to refuse defendant's motion for a directed verdict in her favor. "Where evidence has but one meaning and but one legal con-

clusion can be drawn therefrom and it is not controverted there is no question for a jury to decide." *Potoker* v. *Klein,* 105 *N. J. L.* 183.

This conclusion renders it unnecessary to consider the alleged error in the charge of the trial judge, and also the question as to whether the claim for dividends was outlawed when the statute of limitations outlawed the debt.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 16.